**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ARACELY CHAVEZ** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-CV-00046-O** |
| | § | |
| **FORT WORTH INDEPENDENT SCHOOL DISTRICT** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**OPINION & ORDER**

Before the Court are Defendant Fort Worth Independent School District's Partial Motion to Dismiss (ECF No. 10); Plaintiff Aracely Chavez's Response (ECF No. 13); and Defendant's Reply (ECF No. 14). Having considered the Motion, briefing, and applicable law, the Motion is **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND[1]

Plaintiff Aracely Chavez ("Plaintiff") is a Hispanic, Mexican-American female who served as Executive Director of Training and Compliance for Fort Worth Independent School District ("Defendant" or "FWISD") until the elimination of her position. In April 2022, Plaintiff filed a complaint with Defendant and the Equal Employment Opportunity Commission ("EEOC") alleging sex-based pay discrimination, asserting she was paid less than two male counterparts. Plaintiff entered into a settlement agreement that resulted in her compensation being increased to match her male peers.

[1] Unless otherwise cited, the Court's recitation of the facts is taken from Plaintiff's Amended Complaint. *See* ECF No. 7. At the 12(b)(6) stage, these facts are taken as true and viewed in the light most favorable to Plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

On April 17, 2023, she filed a Charge of Discrimination with the EEOC alleging discrimination based on race, national origin, and sex, as well as retaliation for her prior complaints. In July 2023, Plaintiff was diagnosed with breast cancer, requiring her to undergo extensive treatment and to take protected medical leave. As a result of her treatment and related complications, Plaintiff exhausted her available sick leave benefits. Defendant had a sick leave bank where employees could donate excess sick leave that was made available to employees who had exhausted their own. Plaintiff requested sick leave from the sick leave bank and requested accommodations to attend medical appointments and receive treatment. Plaintiff alleges that despite being eligible for additional leave and for accommodations, Defendant denied her both.

On August 30, 2023, Plaintiff filed a complaint asserting that the denial of sick leave bank benefits was based on her disability and her prior discrimination complaints. Plaintiff does not specify where or with whom this complaint was filed. On February 14, 2024, Plaintiff was informed that her position was being eliminated as part of a reorganization and that her employment would end effective June 30, 2024. Plaintiff was 60 years old. At the same time, Plaintiff learned that because of the reorganization, her job duties would be transferred to the IT Manager in Training position.

Plaintiff applied and was interviewed for that position but was not selected. Instead, Plaintiff alleges that Defendant hired an individual approximately twenty years younger, with fewer qualifications and no prior tenure with FWISD. Plaintiff also alleges that she applied for at least five additional positions within FWISD for which she met or exceeded the stated qualifications, yet she was denied interviews or not selected for any of them.

On February 21, 2024, Chavez filed a grievance regarding the elimination of her Executive Director of Training and Compliance position and Defendant's alleged denial of accommodations

for her disability. On May 9, 2024, Plaintiff was placed on administrative leave, allegedly for "unfounded reasons."[2] On June 21, 2024, Chavez filed a grievance regarding Defendant's alleged denial of her request for accommodations under the Americans with Disabilities Act. Shortly after, on July 3, 2024, Plaintiff filed a grievance asserting unlawful discrimination regarding a letter of reprimand she received from Defendant. That same day, Plaintiff's employment with FWISD ended. Plaintiff asserts that she was not allowed to continue her employment until August 2024 and then retire as other employees were allowed to do, which purportedly gave them a higher retirement benefit.

This action followed. On January 28, 2026, Plaintiff filed her Amended Complaint bringing claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), and the Family and Medical Leave Act ("FMLA"). Defendant now moves to dismiss Plaintiff's race, national origin, sex, disability, and FMLA discrimination claims, as well as her retaliation and FMLA interference claims. The Motion has been briefed and is now ripe for the Court's review.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Rule "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy this standard, the defendant may file a motion to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

---

[2] Am. Compl. ¶ 29, ECF No. 7.

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is facially plausible when the plaintiff pleads factual content that allows the court to reasonably infer that the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678. Unlike a "probability requirement," the plausibility standard instead demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Where a complaint contains facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

When reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier*, 509 F.3d at 675. However, the Court is not bound to accept legal conclusions as true. *Iqbal*, 556 U.S. at 678–79. To avoid dismissal, pleadings must show specific, well-pleaded facts rather than conclusory allegations. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

## III. ANALYSIS

### A. Plaintiff's Title VII Claims

Defendant argues that Plaintiff has not alleged sufficient facts to support her claim that she was discriminated against on the basis of race, national origin, or sex.[3] Defendant asserts that, at most, Plaintiff has alleged that she is a Hispanic/Mexican American female and that she was terminated from FWISD in February 2024. Plaintiff responds that her allegations that her position was eliminated, her job duties were transferred to another role, and that she applied for but was

[3] Mot. Dismiss 7, ECF No. 10.

denied that role in favor of a significantly younger, less qualified individual, permit a reasonable inference of discrimination. The Court disagrees with Plaintiff.

Title VII prohibits an employer from discriminating against an employee "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Disparate treatment occurs when an employee is treated less favorably than others because of a protected characteristic. *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019). At the Rule 12(b)(6) stage, a Title VII claim is governed by *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)—and not the evidentiary standard set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Olivarez v. T-mobile USA, Inc.*, 997 F.3d 595, 599 (5th Cir. 2021). Under *Swierkiewicz*, the Fifth Circuit has explained, "there are two ultimate elements a plaintiff must plead to support a disparate treatment claim under Title VII: (1) an adverse employment action, (2) taken against a plaintiff *because of* her protected status." *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (quotations omitted) (citing *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013)).

Plaintiff summarizes the allegations in her complaint as follows: "[Plaintiff] is a Hispanic, Mexican-American female who held a senior leadership role after more than two decades of successful service . . . She further alleges that Defendant eliminated her position, refused to hire her into other roles for which she was qualified, and ultimately terminated her employment."[4] Even taking these allegations as true, Plaintiff has simply not alleged that Defendant acted against Plaintiff *because of* her protected status.

The "'ultimate question' in a Title VII disparate treatment claim remains 'whether a defendant took the adverse employment action against a plaintiff *because of* her protected status.'"

[4] Resp. 11, ECF No. 13.

*Raj*, 714 F.3d at 331 (quoting *Kanida v. Gulf Coast Med. Personnel LP*, 363 F.3d 568, 576 (5th Cir. 2004) (emphasis in original). The Court cannot reasonably infer facts that are not alleged. And Plaintiff's complaint does not allege any facts, direct or circumstantial, that would suggest FWISD's actions were based on her race, color, religion, sex, or national origin, or that FWISD treated similarly situated employees of other races or national origin or the other sex more favorably. *See Raj*, 714 F.3d at 331. That is, Plaintiff fails to allege any facts that support the crucial "because of" requirement. Simply stating that Plaintiff has protected characteristics and suffered adverse employment actions, without more, is insufficient. *See Papa v. Cap. One Nat'l Ass'n*, No. CV 21-1589, 2022 WL 906402, at *3 (W.D. La. Mar. 28, 2022).

Accordingly, Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's Title VII discrimination claim.

**B. Plaintiff's ADA Claims**

As with Plaintiff's Title VII claims, Defendant argues that Plaintiff has not alleged any facts to support the inference that Defendant took any of the alleged actions because of Plaintiff's disability.[5] Plaintiff similarly responds that she has alleged multiple adverse actions closely tied to her disability and these actions occurred in close temporal proximity to her diagnosis, treatment, and requests for accommodations.[6] The Court agrees with Plaintiff.

The ADA prohibits discrimination "against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). A claim of discrimination under the ADA requires a plaintiff to allege a disability, that she was qualified for her position, and that she suffered an adverse employment action because of her disability. *Neely v. PSEG Tex., Ltd. P'ship*, 735 F.3d 242, 245 (5th Cir. 2013).

[5] Mot. Dismiss 9–10, ECF No. 10.
[6] Resp. 13, ECF No. 13.

The first question is whether Plaintiff's cancer constitutes a disability as defined by the ADA. Under the ADA, a person is disabled if she has "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). The ADA defines major life activities in two ways. First, major life activities include, but are not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* § 12102(2)(A). Second, a major life activity includes "the operation of a major bodily function." *Id.* § 12102(2)(B). A major bodily function includes, among other things, "normal cell growth." *Id.* Cancer is an impairment that substantially limits the major life activity of normal cell growth. *Fishbeck v. Lavaca Cnty., Texas*, No. 6:22-CV-00002, 2025 WL 662049, at *7 (S.D. Tex. Feb. 28, 2025) (collecting cases). Defendant does not meaningfully challenge that cancer is a disability.[7] Accordingly, the Court finds that cancer constitutes a disability as defined by the ADA.

The second element is qualification. Defendant does not dispute that Plaintiff was at least qualified for her position as Executive Director of Training and Compliance, prior to her termination. Third, Plaintiff has alleged that she suffered adverse employment actions in the form of, *inter alia*, being denied sick leave from the sick leave bank, despite being eligible.[8] To adequately plead an adverse employment action "a plaintiff need only show that she was discriminated against, because of a protected characteristic, with respect to hiring, firing, compensation, or the "terms, conditions, or privileges of employment." *Hamilton v. Dallas Cnty.*, 79 F.4th 494, 506 (5th Cir. 2023). Viewing the pleaded facts in the light most favorable to Plaintiff, being denied the benefit of the sick leave bank is sufficient to allege an adverse employment action

[7] Mot. Dismiss 9, ECF No. 10.
[8] Resp. 13, ECF No. 13; Am. Compl. ¶ 17, ECF No. 7.

at this stage of the proceedings. *Cf. Lumar v. Monsanto Co.*, 395 F. Supp. 3d 762, 781 (E.D. La. 2019), *aff'd*, 795 F. App'x 293 (5th Cir. 2020).

Finally, Plaintiff has made a prima facie showing that the denial of benefits was an adverse employment action made because of her disability. "To determine if an employer's action is materially adverse, the court looks to indicia such as whether the action affected job title, grade, hours, salary, or benefits or caused 'a diminution in prestige or change in standing among [ ] co-workers.'" *Lemonia v. Westlake Mgmt. Servs., Inc.*, No. 22-30630, 2023 WL 6878915, at *6 (5th Cir. Oct. 18, 2023) (quoting *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 332 (5th Cir. 2009)). Plaintiff's allegation that she was denied sick leave benefits for which she was eligible is likely an adverse employment action because it caused harm to Plaintiff's benefits of employment. *Liedtke v. City of Austin*, 185 F.4th 560, 577 (5th Cir. 2026) (finding adverse action where evidence indicates harm to a plaintiff's "job title, grade, hours, salary, or benefits, or causes a diminution in prestige or change in standing among coworkers").

As for causation, in the analogous retaliation context, the Fifth Circuit has held that a six-and-a-half-week timeframe between an employer's knowledge of protected activity and an adverse employment action, is sufficiently close to establish the "causal connection" element of a prima facie case of retaliation. *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 305 (5th Cir. 2020). Here, Plaintiff alleges that she was diagnosed with cancer in July 2023 and due to doctor's appointments and complications of her cancer, Plaintiff exhausted her sick leave benefits. At some point prior to August 30, 2023, Plaintiff was denied sick leave from Defendant's sick leave bank, despite being eligible. Given that the protected activity and the adverse action were separated by at most two months—and likely even less than that—the two events qualify as "very close" in time. *Id.* That is sufficient at this stage. Accordingly, Defendant's Motion is **DENIED**.

### C. Plaintiff's Failure to Accommodate Under the ADA Claim

Plaintiff has adequately alleged a failure to accommodate claim. Discrimination under the ADA includes failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . unless such covered entity can demonstrate that the accommodation would impose an undue hardship." 42 U.S.C. § 12112(b)(5)(A). To prevail on a failure-to-accommodate claim a plaintiff must show that: (1) the plaintiff is a "qualified individual with a disability;" (2) the disability and its consequential limitations were "known" by the covered employer; and (3) the employer failed to make "reasonable accommodations" for such known limitations. *Feist v. Louisiana, Dep't of Just., Off. of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013).

First, a qualified individual is one who can perform the essential functions of the job, with or without reasonable accommodation. *See* 42 U.S.C. § 12111(8). Plaintiff has adequately alleged that she worked for Defendant for over twenty-four years, received promotions, and most recently served as Executive Director of Training and Compliance.[9] She also alleges that she requested additional leave for the limited purpose of seeing healthcare providers, implying that with this accommodation Plaintiff would be able to perform the essential functions of the job.[10] At the motion to dismiss stage, the Court views the pleaded facts in the light most favorable to the plaintiff and finds that she has alleged sufficient facts for the Court to reasonably infer that she is a qualified individual.

Second, "a plaintiff must show that the entity knew of the disability and its consequential limitations, either because the plaintiff requested an accommodation or because the nature of the limitation was open and obvious." *Cadena v. El Paso Cnty.*, 946 F.3d 717, 724 (5th Cir. 2020)

---

[9] Am. Compl. ¶¶ 5–6, ECF No. 7.
[10] *Id.* at ¶¶ 15–16, 19.

(citing *Windham v. Harris Cnty.*, 875 F.3d 229, 236–37 (5th Cir. 2017)). Plaintiff has alleged that she was diagnosed with cancer, exhausted her leave as a result, requested additional leave through the sick leave bank, and filed a complaint asserting she was denied sick leave bank benefits.[11] These allegations are sufficient to show that Defendant knew of the disability. Plaintiff also sought an accommodation to see healthcare providers for her cancer and was denied that.[12] Alleging such a request is sufficient to show that Defendant knew of the disability and its consequential limitations. *See id.* Accordingly, Plaintiff has alleged sufficient facts to survive at this stage and Defendant's Motion to Dismiss is **DENIED** as to this claim.

**D. Plaintiff's FMLA Discrimination Claim**

Plaintiff plausibly alleges discrimination under the FMLA. To state a prima facie claim for discrimination or retaliation under the FMLA, the plaintiff must allege that "(1) [she] is protected under the FMLA; (2) [she] suffered an adverse employment decision; and either (3a) that the plaintiff was treated less favorably than an employee who had not requested leave under the FMLA; or (3b) the adverse decision was made because of the plaintiff's request for leave." *Bocalbos v. Nat'l W. Life Ins. Co.*, 162 F.3d 379, 383 (5th Cir. 1998).

Defendant argues only that Plaintiff fails to state a FMLA discrimination claim because she does not plead facts that plausibly suggest a causal connection between her FMLA leave and any alleged adverse employment action. Plaintiff again asserts that temporal proximity is enough to show causation between Plaintiff taking leave and adverse employment action. As with Plaintiff's ADA discrimination claim, Defendant's denial of sick leave benefits is sufficiently close in time to satisfy the causation requirement at this stage. Accordingly, Defendant's Motion is **DENIED** as to Plaintiff's FMLA discrimination claim.

---

[11] *Id.* at ¶¶ 8, 15–19.
[12] *Id.* at ¶¶ 15–16, 19.

### E. Plaintiff's Retaliation Claims

Plaintiff alleges retaliation under Title VII, the ADA, and the FMLA. To state a plausible claim for retaliation Title VII and the ADA, Plaintiff must allege that (1) she engaged in protected activity within the meaning of Title VII or the ADA, respectively; (2) she suffered an adverse employment action; and (3) there is a causal link between her protected activity and the adverse employment action. *Feist v. La., Dep't of Justice*, 730 F.3d 450, 454 (5th Cir. 2013) (ADA retaliation); *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996) (Title VII retaliation).

First, Plaintiff fails to plausibly allege a Title VII discrimination claim because she does not allege that she engaged in protected activity under Title VII within any reasonable temporal proximity to receiving notice of the elimination of her position. An employee has engaged in activity protected by Title VII if she has either (1) "opposed any practice made an unlawful employment practice" by Title VII or (2) "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e–3(a); *Ellis v. Compass Grp. USA, Inc.*, 426 F. App'x 292, 296 (5th Cir. 2011).

Plaintiff argues that she engaged in a series of protected activities including "(1) her April 2022 complaint and EEOC charge regarding pay discrimination; (2) her April 2023 charge alleging race, national origin, and sex discrimination and retaliation; (3) her August 2023 complaint regarding denial of benefits tied to her prior complaints; and (4) multiple grievances in 2024 challenging Defendant's conduct."[13] Plaintiff continues that these protected activities were followed by adverse employment actions in close sequence "including denial of benefits, elimination of her position, refusal to hire her into other roles, and termination."[14]

[13] Resp. 17, ECF No. 13.
[14] *Id.* at 18.

The Court finds that Plaintiff's Title VII protected activities from 2022 and 2023 are too remote to show the necessary causal link between the activity and the adverse employment action that occurred nearly a year later in 2024. *See Raggs v. Mississippi Power & Light Co.*, 278 F.3d 463, 471–72 (5th Cir. 2002) (holding that a gap of five months between the protected activity and the adverse action, without additional evidence, is insufficient to demonstrate a causal link). For the reasons given above, Plaintiff has not presented any other evidence of a causal link. Plaintiff also contends that she filed disability and leave related complaints and grievances closer in time to the alleged adverse employment actions.[15] But these activities are protected by the ADA or FMLA, not Title VII and thus cannot support a *Title VII* retaliation claim. *See Long*, 88 F.3d at 304. Accordingly, Plaintiff has failed to allege the necessary causal nexus between her Title VII protected activity and the adverse employment actions.

Second, Plaintiff has also not plausibly alleged retaliation under the ADA. An employee engages in activity protected by the ADA if she opposes any practice made unlawful by those statutes or if she makes a charge, testifies, assists or, participates in investigations, proceedings, or hearings under those statutes. *See St. John v. Sirius Sols. LLLP*, 299 F. App'x 308, 309 (5th Cir. 2008) (per curiam).

Plaintiff argues that she "is not required to establish that the timing alone proves causation; she need only allege facts permitting a reasonable inference that her protected activity contributed to the adverse action."[16] Plaintiff cites no case to support her position. In reply, Defendant argues that at this stage Plaintiff must plausibly allege that "but for" Plaintiff's "protected activity, the adverse employment action would not have occurred."[17] Both are wrong.

---

[15] *Id.* at 17–18.
[16] *Id.* at 19.
[17] Reply 7, ECF No. 14 (citing *Lyons*, 964 F.3d at 304).

Defendant seeks to hold Plaintiff to an improper "but for" standard. At the motion to dismiss stage, "the causal connection standard . . . is much less stringent than the ultimate but-for cause determination in such a case." *Blanchard v. Tulane Univ.*, 636 F. Supp. 3d 642, 660 (E.D. La. 2022) (citation modified). At this stage, "[a] plaintiff need not prove that retaliation was the sole factor motivating the [employment] decision." *Id.*

As for Plaintiff, she is correct that she need only show that her protected activity was a "contributing factor" to the adverse employment action. *See Ameristar Airways, Inc. v. Admin. Rev. Bd., U.S. Dep't of Lab.*, 650 F.3d 562, 567 (5th Cir. 2011). However, the timing between the two is "[n]ormally [how] the burden is satisfied." *Id.* Plaintiff has not alleged any facts beyond timing to suggest a causal connection between the protected activity and adverse actions. Thus, the Court considers whether the adverse employment action took place shortly after the protected activity.

The only ADA protected activity that Plaintiff alleges she engaged in prior to learning of the elimination of her position in February 2024 was her August 30, 2024, complaint regarding her denied sick leave.[18] This temporal gap does not support the inference that Plaintiff's protected activity under the ADA was a contributing factor to the ultimate elimination of her position. *See Williams v. Republic Serv.*, No. 4:25-cv-00422, 2025 WL 2393363, at *10 (S.D. Tex. July 23, 2025) (explaining that a reasonable inference is not supported where the temporal gap is too attenuated). Accordingly, Plaintiff has not met her burden to adequately plead an ADA retaliation claim.

Third, Plaintiff has adequately alleged an FMLA retaliation claim. To state a prima facie case for retaliation under the FMLA, Plaintiff must plausibly allege that she: (1) was protected

[18] Am. Compl. ¶¶ 18, 21, ECF No. 7.

under the FMLA; (2) suffered an adverse employment action; and (3) was treated less favorably than an employee who had not requested leave under the FMLA or the adverse decision was made because she sought protection under the FMLA. *See Hester v. Bell-Textron, Inc.*, 11 F.4th 301, 305 (5th Cir. 2021). "When evaluating whether the adverse employment action was causally related to the FMLA protection, the court shall consider the 'temporal proximity' between the FMLA leave, and the [adverse employment action]." *Berry v. Texas Women's Univ.*, 528 F. Supp. 3d 579, 606 (E.D. Tex) (quoting *Mauder v. Metro. Transit Auth. Of Harris Cnty., Tex.*, 446 F.3d 574, 583 (5th Cir. 2006)).

The only element meaningfully disputed is the casual connection between the alleged adverse employment decisions and Plaintiff's FMLA leave.[19] Here, Plaintiff alleges that she was diagnosed with cancer in July 2023, that her condition required her to take FMLA leave, and that following her leave Defendant denied her additional leave, refused accommodations, eliminated her position in February 2024, declined to hire her into other roles, and ultimately terminated her employment.[20] As discussed *supra*, because the denial of Plaintiff's additional leave occurred within at least a month or two of her taking FMLA leave, there is sufficient temporal proximity between the two for Plaintiff's FMLA retaliation claim to survive. *See Lyons*, 964 F.3d at 305.

Accordingly, Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's Title VII and ADA retaliation claims but is **DENIED** as to Plaintiff's FMLA retaliation claim.[21]

### F. Plaintiff's FMLA Interference Claim

Finally, Plaintiff fails to plausibly allege an FMLA interference claim. "To establish a prima facie case of interference under the FMLA, a plaintiff must show: (1) he was an eligible

---

[19] Mot. Dismiss 17, ECF No. 10.
[20] *See* Am. Compl. ¶¶ 17–20, 24, 28, 33, ECF No. 7.
[21] Plaintiff concedes that she is not advancing an ADEA retaliation claim. *See* Resp. 20.

employee; (2) his employer was subject to FMLA requirements; (3) he was entitled to leave; (4) he gave proper notice of his intention to take FMLA leave; and (5) his employer denied him the benefits to which he was entitled under the FMLA." *Caldwell v. KHOU-TV*, 850 F.3d 237, 245 (5th Cir. 2017).

Defendant argues, *inter alia*, that Plaintiff has not alleged sufficient facts to show that it denied any FMLA benefits to Plaintiff to which she was entitled.[22] Plaintiff responds that she has alleged that after exhausting her available leave, Defendant denied her additional leave and related benefits which plausibly supports that Defendant interfered with her ability to take leave.[23] The Court disagrees.

Plaintiff alleges that she "exhausted her sick leave benefits" and subsequently sought additional leave from Defendant's sick leave bank which she was denied.[24] But Plaintiff's allegations regarding the nature of the sick leave bank in no way indicates that she was entitled to this leave under the FMLA.[25] *See Haley v. Alliance Compressor LLC*, 391 F.3d 644, 649 (5th Cir. 2004) (citing 29 U.S.C. § 2614(a)(1)) (explaining the benefits employees are entitled to under the FMLA).

Consequently, Plaintiff has not pleaded adequate facts showing that she was denied benefits she was entitled to *under the FMLA*. Thus, her FMLA interference claim fails and Defendant's Motion to Dismiss is **GRANTED** as to this claim. *See Harville v. Tex. A&M Univ.*, 833 F. Supp. 2d 645, 656 (S.D. Tex. 2011) (plaintiff's assertion that her employer interfered with

---

[22] Mot. Dismiss 19–20, ECF No. 10.
[23] Resp. 22, ECF No. 13.
[24] Am. Compl. ¶¶ 14–17, ECF No. 7.
[25] *Id.* at 14 ("Defendant FWISD had a sick leave bank that employees could donate excess sick leave that was made available to employees who had run out of sick leave.").

FMLA rights by denying request for "sick leave pool" hours "confuses the limits on her sick leave pool pay with her right to FMLA leave.").

### G. Leave to Amend

Plaintiff requests leave to amend to cure any deficiencies in her pleadings.[26] Federal Rule of Civil Procedure 15(a)(2) permits a court to grant leave to amend pleadings and even "evinces a bias in favor of granting leave to amend." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002). But "leave to amend under Rule 15 is by no means automatic." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003). "Nevertheless, a party must 'expressly request' leave to amend." *Estes v. JP Morgan Chase Bank, Nat. Ass'n*, 613 F. App'x. 277, 280 (5th Cir. 2015) (quoting *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003)).

Although "[a] formal motion is not always required," the requesting party must still "set forth with particularity the grounds for the amendment and the relief sought." *Willard*, 336 F.3d at 387. When a plaintiff fails to request leave to amend or indicate what might be added to the complaint if allowed to amend, a district court may dismiss the cause of action with prejudice. *See Joseph v. Bach & Wasserman, L.L.C.*, 487 F. App'x 173, 178 (5th Cir. 2012). Here, Plaintiff has already amended her complaint once and has not indicated what might be added to the Complaint to cure its current deficiencies. Accordingly, the **DENIES** the request.

[26] Resp. 24, ECF No. 13.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Partial Motion to Dismiss (ECF No. 10) is **GRANTED** in part and **DENIED** in part. Plaintiff's Title VII discrimination claims,[27] Title VII and ADA retaliation claims,[28] and FMLA interference claims[29] are **DISMISSED** with prejudice.[30]

**SO ORDERED** on this **14th day** of **September, 2026.**

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE

---

[27] Am. Compl. ¶ 34, ECF No. 7.
[28] *Id.* at ¶¶ 35, 39.
[29] *Id.* at ¶ 42.
[30] Defendant moved in the alternative for a more definite statement. A motion for a more definite statement is proper only where "a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed." *In re McWilliams*, 22 F.3d 1095, at *2 (5th Cir. 1994). Defendant's own response shows its ability to frame a responsive pleading, as demonstrated by its success in dismissing some of Plaintiff's claims. Accordingly, Defendant's alternative motion for a more definite statement is **DENIED**.